# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICTOR and BRITTANY SEYBOLD, individually, and as parents of L.S., C.S. and R.S., minors,<br><br>      Plaintiffs,<br><br>-vs-<br><br>BBC AF MANAGEMENT/ DEVELOPMENT, LLC, a foreign limited liability corporation,<br><br>      Defendant. | Case No. CIV-21-0317-F |

## ORDER

The court has a duty to determine its jurisdiction. <u>Tuck v. United Services Automobile Assoc.</u>, 859 F.2d 842, 844 (10th Cir. 1988). Upon review of the notice of removal, the court finds that the diversity of citizenship allegations are deficient for one or more of the following reasons.

   __X__ <u>An Individual.</u>

        __X__ The pleading does not allege the specific[1] state in which an individual is a "citizen" or has "citizenship." *See*, doc. no. 1, ¶ 5. Allegations regarding residency are not sufficient because, for purposes

---

[1] *See*, <u>Simmons v. Rosenberg</u>, 572 F. Supp. 823, 825 (E.D.N.Y. 1983) (merely averring that a party is a citizen of a state other than the state of New York is "clearly insufficient to establish diversity jurisdiction….").

of 28 U.S.C. §1332, citizenship and residence are two entirely distinct concepts.[2]

  X   A Limited Liability Company (LLC).

   X   All of the members of the LLC are not identified. *See*, *id*. at ¶6.[3]

   X   All information necessary to determine the citizenship of each of the members of the LLC is not alleged. For example, if a member is another entity,[4] then the type of entity must be clearly identified, and all information necessary to determine that entity's citizenship must be alleged, down through all layers of membership.[5]

---

[2] Residence alone is not the equivalent of citizenship. State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994); Walden v. Broce Construction Co., 357 F.2d 242, 245 (10th Cir. 1966). It is domicile, not residence, which is relevant for determining an individual's citizenship. Siloam Springs Hotel, L.L.C. v. Century Surety Co., 781 F.3d 1233, 1238 (10th Cir. 2015). For any number of reasons, an individual can reside in one place but be domiciled in another place; for adults, domicile is established by physical presence in a place, coupled with an intent to remain there. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).

[3] The disclosure notice at doc. no. 3 identifies the sole member of the party-LLC as another LLC. But even taking that information into account, the jurisdictional allegations remain deficient.

[4] Regarding determination of citizenship for various types of entities, *see generally*, 15 James Wm. Moore, Moore's Federal Practice, §§ 102.50-102.58 (3d ed. 2020); Wright & Miller, 13 Fed. Prac. & Proc. Juris. § 3630.1 (3d ed.) (application of the citizenship rule for unincorporated associations).

[5] For example, if one of the members is an LLC, then *its* members, and their specific states of citizenship, as well as all underlying information necessary to support those conclusions, must be alleged, and so on. *Illustration:* Party A is an LLC. The citizenship of the members of an LLC are imputed to the LLC. Accordingly, the members of the LLC, and all jurisdictional information necessary to determine each member's state or states of citizenship, must be determined and alleged. The members of Party A are X and Y. X is an individual who is a citizen of Oklahoma. Y is another LLC (the second LLC). The members of Y are B and C. B is yet another LLC (the third LLC) and C is a corporation. The members of B are D and E. D is an individual who is a citizen of Texas. E is a partnership. The partners of E are F and G. F is an individual who is a citizen of Kansas. G is an individual who is a citizen of Arkansas. Corporation C (the second member of Y) is incorporated in Delaware and has its principal place of business in Florida. Based on the above, the states in which members of Party A are citizens are Oklahoma (X's state of citizenship); and Texas, Kansas, Arkansas, Delaware and Florida (Y's states of citizenship). Party A is therefore deemed a citizen of Oklahoma, Texas, Kansas, Arkansas Delaware and Florida.

## **Order to Cure Deficiencies**.

Defendant BBC AF Management/Development LLC, as the party invoking this court's subject matter jurisdiction based on diversity of citizenship, is **DIRECTED** to:

  **X**   File, within 14 days of the date of this order, a supplement to the notice of removal which provides all of the missing jurisdictional information.

  **X**   If the filer cannot allege the necessary information at this stage, the filer may file a short notice so stating, in which case the filer shall bring this issue to the attention of the court at the status and scheduling conference.

  **X**   Failure to comply may result in dismissal of this action without prejudice or remand.

IT IS SO ORDERED this 12th day of April, 2021.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0317p001.docx

3