# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VICTOR and BRITTANY SEYBOLD, individually, and as parents of L.S., C.S., and R.S., minors, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | Case No. CIV-21-0317-F |
| BBC AF MANAGEMENT/DEVELOPMENT, LLC, a foreign limited liability corporation, | ) ) ) | |
| Defendant. | ) ) | |
| KENNETH AND LINDSAY CHRISTENSEN, individually, and as parents of S.F., a minor, | ) ) ) | |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | Case No. CIV-21-0323-F |
| BBC AF MANAGEMENT/DEVELOPMENT, LLC, a foreign limited liability corporation, | ) ) ) ) | |
| Defendant. | ) ) | |
| DALE and ABIGAILA COURTNEY, individually, and as parents of V.C., a minor, | ) ) ) | |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | Case No. CIV-21-0324-F |
| BBC AF MANAGEMENT/DEVELOPMENT, LLC, a foreign limited liability corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| JENNIFER and GHERJUAN ROBINSON, individually, and as parents of M.R., a minor, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | Case No. CIV-21-0325-F |
| BBC AF MANAGEMENT/DEVELOPMENT, LLC, a foreign limited liability corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

…………………………………………………………………………………….

| | | |
|---|---|---|
| DEREK and JENNIFER ROUSE, individually, and as parents of N.R., W.R. and, J.R., minors, | ) ) ) | |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | Case No. CIV-21-0326-F |
| BBC AF MANAGEMENT/DEVELOPMENT, LLC, a foreign limited liability corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

…………………………………………………………………………………….

| | | |
|---|---|---|
| CAMILA KRAWITZ, individually, and as, mother of C.K., JR., a minor, | ) ) ) | |
| Plaintiff, | ) ) | |
| -vs- | ) ) | Case No. CIV-21-0327-F |
| BBC AF MANAGEMENT/DEVELOPMENT, LLC, a foreign limited liability corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

## **ORDER**

In three of the above-styled cases (Seybold, CIV-21-0317; Courtney, CIV-21-0324; and Robinson, CIV-21-0325), the court has previously required the removing

party to provide additional information regarding the citizenship of the parties. In response, the removing party has filed a supplement to the notice of removal which states that "Plaintiffs were citizens…in Oklahoma at the time the Petition was filed" (Seybold and Courtney), or which states that "Plaintiffs were citizens…in Texas at the time the Petition was filed" (Robinson). The emails attached to the supplements represent that the plaintiffs in these three cases were domiciled in Oklahoma or Texas "at the time their lawsuits were filed."

In a removed action, citizenship is determined at the time the petition is filed in state court as well as at the time of removal.[1] Accordingly, the record remains deficient with respect to the citizenship of each of the plaintiffs in Seybold, Courtney and Robinson. These parties' citizenship at the time the petition was filed in state court <u>and at the time of removal</u> must be alleged.[2]

For purposes of the other three cases covered by this order (Christensen, CIV-21-0323; Rouse, CIV-21-0326; and Krawitz, CIV-21-0327), defendant, as the removing party is advised as follows.

The court has a duty to determine its jurisdiction. Tuck v. United Services Automobile Assoc., 859 F.2d 842, 844 (10th Cir. 1988). Upon review of the notice of removal, the court finds the diversity of citizenship allegations are deficient in Christensen, Rouse and Krawitz for the following reasons.

---

[1] Stevens v. Nichols, 130 U.S. 230, 231 (1889); Farm Bureau Mut. Ins. Co. v. Eighmy, 849 F. Supp. 40, 42 (D. Kan. 1994) ("It is well established that when diversity of citizenship is the basis for removal jurisdiction, it must exist both at the time the original action is filed in state court and at the time removal is sought.")

[2] Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Tenth Circuit, after a case has run its course in the district court, to remand the case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.

   X   <u>An Individual (here, each of the plaintiffs).</u>

     X   The pleading does not allege the specific[3] state in which an individual is a "citizen" or has "citizenship."  Allegations regarding residency are not sufficient because, for purposes of 28 U.S.C. §1332, citizenship and residence are two entirely distinct concepts.[4]

     X   Because these actions were removed to federal court, citizenship allegations must cover the date on which the petition was filed in state court as well as the date on which removal occurred, as stated earlier in this order.

X   <u>A Limited Liability Company (LLC) (here, defendant BBC AF Management/Development, LLC)</u>.

     X   All of the members of the LLC are not identified.[5]

     X   All information necessary to determine the citizenship of each of the members of the LLC is not alleged.  For example, if a member is another entity,[6] then the type of entity must be clearly

---

[3] *See*, Simmons v. Rosenberg, 572 F. Supp. 823, 825 (E.D.N.Y. 1983) (merely averring that a party is a citizen of a state other than the state of New York is "clearly insufficient to establish diversity jurisdiction….").

[4] Residence alone is not the equivalent of citizenship.  State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994); Walden v. Broce Construction Co., 357 F.2d 242, 245 (10th Cir. 1966).  It is domicile, not residence, which is relevant for determining an individual's citizenship.  Siloam Springs Hotel, L.L.C. v. Century Surety Co., 781 F.3d 1233, 1238 (10th Cir. 2015).  For any number of reasons, an individual can reside in one place but be domiciled in another place; for adults, domicile is established by physical presence in a place, coupled with an intent to remain there.  Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).

[5] Disclosure notices identify the sole member of the party-LLC as another LLC.  But even taking that information into account, the jurisdictional allegations remain deficient.

[6] Regarding determination of citizenship for various types of entities, *see generally*, 15 James Wm. Moore, Moore's Federal Practice, §§ 102.50-102.58 (3d ed. 2020); Wright & Miller, 13 Fed. Prac. & Proc. Juris. § 3630.1 (3d ed.) (application of the citizenship rule for unincorporated associations).

identified, and all information necessary to determine that entity's citizenship must be alleged, down through all layers of membership.[7]

### Order to Cure Deficiencies.

Defendant BBC AF Management/Development LLC, as the party invoking this court's subject matter jurisdiction based on diversity of citizenship in the six cases covered by this order, is **DIRECTED** to:

  X   File, within fourteen days of the date of this order, a supplement (a second supplement, where applicable) to the notice of removal, which provides the missing jurisdictional information.

  X   If the filer cannot allege the necessary information at this stage, the filer may file a short notice so stating.  In that event, the filer shall bring this issue to the attention of the court at the status and scheduling conference.

  X   Failure to comply with respect to one or more of the actions covered by this order may result in dismissal without prejudice, or remand, of such action.

IT IS SO ORDERED this 28th day of April, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0317p007.docx

---

[7] For example, if one of the members is an LLC, then *its* members, and their specific states of citizenship, as well as all underlying information necessary to support those conclusions, must be alleged, and so on. *Illustration:* Party A is an LLC.  The citizenship of the members of an LLC are imputed to the LLC.  Accordingly, the members of the LLC, and all jurisdictional information necessary to determine each member's state or states of citizenship, must be determined and alleged. The members of Party A are X and Y.  X is an individual who is a citizen of Oklahoma.  Y is another LLC (the second LLC).  The members of Y are B and C.  B is yet another LLC (the third LLC) and C is a corporation.  The members of B are D and E.  D is an individual who is a citizen of Texas.  E is a partnership.  The partners of E are F and G. F is an individual who is a citizen of Kansas.  G is an individual who is a citizen of Arkansas.  Corporation C (the second member of Y) is incorporated in Delaware and has its principal place of business in Florida.  Based on the above, the states in which members of Party A are citizens are Oklahoma (X's state of citizenship); and Texas, Kansas, Arkansas, Delaware and Florida (Y's states of citizenship).  Party A is therefore deemed a citizen of Oklahoma, Texas, Kansas, Arkansas Delaware and Florida.